UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIDIA ARELLANO, | Case No.: CV 16-06928 JDE |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff Elidia Arellano ("Plaintiff") seeks review of the Commissioner's final decision denying her application for supplemental security income benefits under Title XVI of the Social Security Act. (Dkt. No. 1.) The parties filed consents to proceed before the undersigned Magistrate Judge. (Dkt. Nos. 19, 22.) The parties filed a Joint Stipulation on June 12, 2017, addressing their respective

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security ("Commissioner" or "Defendant") and is substituted in as defendant. See 42 U.S.C. 205(g).

1

positions. (Dkt. No. 24, "Jt. Stip.") This decision made based on the pleadings, the Administrative Record, and the Joint Stipulation of the parties under Rule 12(c) of the Federal Rules of Civil Procedure applying the standards set forth in 42 U.S.C. § 405(g). For the reasons stated below, the Commissioner's decision is reversed and the case is remanded for further proceedings consistent with this Order.

## II.
## STANDARD OF REVIEW

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of no less than twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). In assessing disability claims, an Administrative Law Judge ("ALJ") conducts a five-step sequential evaluation to determine at each step if the claimant is or is not disabled. See Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (citing, *inter alia*, 20 C.F.R. §§ 404.1520(a), 416.920(a)). First, the ALJ considers whether the claimant is currently working in substantial gainful activity. Id. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If the ALJ determines that the answer to that question is "no," the claimant is deemed not disabled and the inquiry ends.

At step two, the ALJ considers the medical severity of the claimant's impairments. 20 C.F.R. § 404.1520(a)(4)(ii). To find the claimant's impairment severe, the impairment or combination of impairments must significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). Basic work activities include: physical functions; capacities for seeing, hearing, and speaking; understanding, carrying out, and remembering simple

instructions; use of judgment; responding appropriately to usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1)-(6). An impairment is "not severe" only if the evidence establishes a slight abnormality with minimal effect on the individual's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).

"Great care should be exercised in applying the not severe impairment concept." Social Security Ruling ("SSR") 85–28. The inquiry at step two "is to do no more than allow the [Social Security Administration] to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working." Id. (internal quotations omitted). Further, the ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity." Smolen, 80 F.3d at 1273 (citing SSR 88-13). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (citing SSR 85–28). The step-two inquiry is a *de minimis* screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987).

Thus, the Court's task in reviewing a non-severe finding at step two is to "determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." Webb, 433 F.3d at 687.

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision denying benefits to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Gutierrez v. Comm'r of Soc. Sec., 740 F.3d

519, 522-23 (9th Cir. 2014) (internal citations omitted). Although courts will not substitute their discretion for the Commissioner's, courts nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." Molina, 674 F.3d at 1110; see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (court will affirm when evidence is susceptible to more than one rational interpretation). However, a court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

Lastly, even when legal error is found, the reviewing court will still uphold the decision if the error was harmless, that is, where it is inconsequential to the ultimate non-disability determination, or where, despite the error, the Commissioner's path "may reasonably be discerned," even if the Commissioner explains her decision "with less than ideal clarity." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations omitted).

### III.

### SUMMARY OF ADMINISTRATIVE PROCEEDINGS

The procedural facts are undisputed. (Jt. Stip. at 2-3.) Plaintiff was 58 years old at the time of her application for disability benefits. (AR 178.) Plaintiff filed a Title XVI application for supplemental security income on May 17, 2013. (AR 178-88.) The application was denied on initial review, after which Plaintiff

4

requested that her claim be heard before an ALJ. (AR 62-68, 83-84.) An ALJ held hearings on August 30, 2015, and February 3, 2016. (AR 40-61.)

The ALJ began the five-step sequential evaluation process to guide the decision. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 17, 2013. (AR 31, 32.) At step two, the ALJ concluded that Plaintiff had the following medically determinable impairments: age-related degenerative changes to the lumbar spine, diabetes mellitus, and a remote history of tailbone fracture and surgery. (AR 32.) The ALJ decided that the impairments did not meet or equal any "listed impairment" and found that through the date last insured, Plaintiff retained the ability to perform basic work-related activities for 12 consecutive months, including: physical functions, such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; capacities for seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. (Id.) Because the ALJ found Plaintiff not disabled at step two, she did not reach subsequent steps in the sequential evaluation process. See 20 C.F.R. § 404.1520(a)(4)(ii).

Accordingly, on February 9, 2016, the ALJ returned an unfavorable decision. (AR 23-29.) Plaintiff requested that the Appeals Council review the ALJ's decision on March 9, 2016. (AR 20-22.) The Appeals Council denied the request for review on July 15, 2016. (AR 3-11.) This action followed.

## IV.

## DISPUTED ISSUES

The parties stipulate that that the disputed issue is: Is the ALJ's finding of a non-severe impairment is supported by substantial evidence and free of legal error. (Jt. Stip. at 4.) Two sub-issues presented in the joint stipulation are whether:

1) The ALJ erred in weighing the opinions given by medical experts; and

2) The ALJ improperly discounted Plaintiff's subjective symptom testimony.

## V.

## DISCUSSION.

Plaintiff alleged disability due to pain in her back and buttocks, as well as issues with cholesterol, high blood pressure, and diabetes. (AR 62.) Plaintiff mostly complains of pain as a result of a fracture to her coccyx that occurred in 1989. (AR 178, 204, 346.) She received surgical treatment for the fracture in 1989 and claims that she has had persistent lower back pain which radiates to both lower extremities, more on the left as compared to the right side. (AR 346.) Plaintiff presented medical records beginning in November 2009 through September 2015, however at the hearing with the ALJ Plaintiff adjusted her onset date to May 2013. (AR 29, 44.)

**1. The ALJ Erred in the Analysis of the Opinion of Dr. Saeid**

Plaintiff contends that the ALJ impermissibly accorded little weight to the opinion of Dr. Saeid, an examining physician, and should have accorded greater weight to the opinion of Maria Lopez, a physician's assistant. (Jt. Stip. at 5, 8.) Both Dr. Saeid and Maria Lopez ascribed physical limitations to Plaintiff.

    **a. <u>Applicable Law.</u>**

In weighing medical source opinions in Social Security cases, the Ninth Circuit distinguishes among three types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) non-examining physicians, who neither treat nor examine the claimant. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1201-02 (9th Cir.

2001). Further, the weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6).

If a treating or examining physician's opinion is not contradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." Bayliss v. Barhnart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830-31). If an "examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss, 427 F.3d at 1216 (citing Lester, 81 F.3d at 830-31). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Trevizo v. Berryhill, 862 F.3d 987, 997 (9th Cir. 2017) (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

### b. Analysis.

On December 10, 2013, during the period of alleged disability, Plaintiff underwent an evaluation by a consulting examiner, Dr. Saeid. (AR 346-351.) Dr. Saeid found that Plaintiff was a "58-year-old, well-developed, well-nourished female in no acute distress." (AR 348.) That she appeared "noncompliant with performance on the grip strength testing on examination and she appear[ed] to have 5/5 grip in both hands bilateral symmetrical." (Id.) Examination of the upper and lower extremities was unremarkable. (AR 349.) He found Plaintiff had 5/5 strength in all extremities and that Plaintiff's gait was in normal limits and that she was able to stand on heels and toes. (AR 350.) Dr. Saeid concluded that Plaintiff

> "appear[ed] to be exaggerating and complains of persistent lower back and coccygeal pain since 1989 when she had a

fall injury at work. There is some tenderness and reduced
range of motion of lumbar sacral spine without signs of
radiculopathy with normal station and gait." (Id.)

His functional assessment of Plaintiff gave the following limitations. Plaintiff was capable of lifting and carrying 50 pounds occasionally and less than 25 pounds frequently. (Id.) Further, she could stand or walk for six hours in an eight-hour work day and sit for six hours in an eight-hour day. (Id.) The assessment was based on the examination that Dr. Saeid had performed as well as his observations during the examination. (Id.)

The ALJ also considered the opinion of a non-examining physician who testified by telephone during the hearing, Dr. Ghazi, and gave his opinion substantial weight owing to his credentials, experience, and familiarity with the Social Security Administration's disability program. (AR 32-33.) Dr. Ghazi opined that Plaintiff did not have a severe impairment that more than minimally impacted her functioning. (AR 49.)

The Court has reviewed the transcript of the testimony of Dr. Ghazi, totaling three and one half pages (AR 48-51), and agrees with Plaintiff that the testimony is not always entirely clear. (Jt. Stip. at 9.) In the short transcript of the testimony, there are six instances where the testimony of Dr. Ghazi is "[INAUDIBLE]." Further, Dr. Ghazi repeatedly uses non-definitive statements, such as "probably," "pretty much," and "might." In fact, although he opines that Plaintiff does not have a "severe impairment,"[2] he also opined that she "might have some limitations," and that, speaking of the surgery that had been performed as a result of Plaintiff's 1989 injury to her tailbone, he opined that the surgery "did

---

[2] The question posed by the ALJ to Dr. Ghazi regarding "severe impairment" did not tie the opinion to an inability to "do basic work activities" as is the step-two test (see 20 C.F.R. § 404.1520(c)), asking instead generally about "claimant's functioning." (AR 49.)

not obviously help." (AR 48-51.) Further, his testimony is marred by confusion over what documents were sent to him for his review. The ALJ opened the hearing by noting she was "not sure the doctor has" certain exhibits recently submitted by Plaintiff (AR 42-43). When asked about an assessment prepared by Physician's Assistant Lopez, Dr. Ghazi appears to answer with respect to the assessment of Dr. Saeid, not to PA Lopez, and the participants talk over each other. (AR 50.)

Unlike Dr. Ghazi, the ALJ gave "little weight" to Dr. Saeid's opinion, but supported that finding with only two sentences of analysis. (AR 35.) Specifically, after noting Dr. Saeid's findings regarding Plaintiff's limitations and his comments about his "doubts about the veracity" of some of Plaintiff's complaints, the ALJ concluded that Dr. Saeid's "limitations [were] not well-supported by the record" and while "[t]he objective evidence indicates some age-related degenerative changes, [it] does not truly support a finding that the claimant is functionally limited in her exertional capabilities." (Id.) The ALJ does not cite Dr. Ghazi's opinion as a basis to reject Dr. Saeid's opinion, although they are in tension.

The ALJ is obligated to take into account all medical opinions of record, resolve conflicts in medical testimony, and analyze evidence. 20 C.F.R. § 404.1527(c); Magallanes, 881 F.2d at 750. However, as stated previously, when the opinion of an examining physician is contradicted by another opinion, an ALJ may not reject the opinion without "specific and legitimate reasons" that are supported by substantial evidence in the record. Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014); Lester, 81 F.3d at 830-31. The Court finds that the ALJ failed to provide specific and legitimate reasons for discounting Dr. Saeid's opinion.

The ALJ points to no specific evidence in the record to bolster her assertion that Dr. Saeid's opinion is not well-supported. Specifically, the ALJ does not "set[] out a detailed and thorough summary of the facts and conflicting clinical

evidence, stating [her] interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). To the degree that the ALJ uses the opinion of Dr. Ghazi as a source to discount the opinion of Dr. Saeid, the Ninth Circuit has held that "[t]he nonexamining physician's conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990); see also Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

The ALJs must do more than state conclusions. Reddick, 157 F.3d at 725. She must set forth her own interpretations and explanation for why they, rather than the doctors, are correct. Id. (citing Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988.) The ALJ failed to do so here.[3]

Because the Court concludes that the ALJ erred in weighing the medical opinions, the Court must determine whether such error was harmless. Error is harmless if "it is inconsequential to the ultimate nondisability determination," Molina, 674 F.3d at 1115, or despite legal error, "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014).

---

[3] Plaintiff also argues that the ALJ should have given greater weight to the opinion of physician's assistant ("PA") Maria Lopez. (Jt. Stip. at 9.) The ALJ accorded "little weight" to PA Lopez's opinion because it was largely unsupported by any medical evidence in the record, except for a single physical therapy assessment, regarding one issue, one month before the hearing. (AR 35.) The ALJ further noted that there were no findings in the record to support the extensive limitations recommended by PA Lopez. Id. However, PAs, unlike doctors, are treated as "other sources" of medical evidence and their opinions are not entitled to the same level of deference as those provided by physicians; ALJs may discount the testimony of PAs as long as the ALJ gives germane reasons for doing so. Molina, 674 F.3d at 1111. The ALJ's stated reason of inconsistency with medical evidence is a germane reason for rejecting PA Lopez's opinion. See Bayliss, 427 F.3d at 1218 (explaining inconsistent testimony is a germane reason for discrediting testimony). Thus, the ALJ's according little weight to PA Lopez's opinion was not error.

In the instant case, the error was not harmless. The weighing of the medical opinions was one of two bases for the ALJ's findings at step two. The other basis was the ALJ's discounting of Plaintiff's subjective symptom testimony, which, as discussed below, was partly based upon the ALJ's consideration of the medical opinions. As a result, it cannot be said that the error was harmless. With respect to the ultimate disability determination, the Court expresses no opinion on whether Plaintiff would ultimately carry her burden in the five-step analysis; however, because the analysis by the ALJ below ended at step two, the Court cannot conclude that the error was harmless.

### 2. **The ALJ's Analysis of Plaintiff's Subjective Symptom Testimony**

In reaching her conclusion that Plaintiff did not suffer from a severe impairment that significantly limited her ability to perform basic work activities, the ALJ considered Plaintiff's testimony regarding her subjective symptoms and discredited that testimony because: (1) it was inconsistent with Plaintiff's description of her daily activities, including personal care/hygiene, preparing meals, driving, and household chores; and (2) it was unsupported by "the medical findings." (AR 32-33). Plaintiff argues that the ALJ erred in her analysis of the "daily activity" evidence and by failing to provide specifically support for the lack of objective medical evidence argument. (Jt. Stip. at 10-15.)

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony is not credible. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Treichler, at 1102. As long as the plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991). Second, if the claimant

has produced such evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler, 775 F.3d at 1102 (quoting Smolen, 80 F.3d at 1281).

Here, in light of the finding that the ALJ erred in assessing the competing medical opinions, and because the ALJ relied in part upon those medical opinions in discounting Plaintiff's subjective symptoms (AR 33), the Court remands on this issue as well, consistent with the analysis set forth in Section V(1), above. Any additional subjective symptom analysis must also be conducted consistent with Trevizo v. Berryhill, 862 F.3d 987, 1004 (9th Cir. 2017).

## VI.
## REMAND IS WARRANTED

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Remand is appropriate where outstanding issues must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell, 336 at 1115-16; see also Garrison, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

Here, remand is appropriate for further consideration and explanation from

the ALJ, and, as appropriate, further development of the record consistent with this Order.

## VII.
## CONCLUSION AND ORDER

For the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 17, 2017 

JOHN D. EARLY
United States Magistrate Judge